UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 14-2074 JGB (KKx)** | Date | July 14, 2015 |
|---|---|---|---|

| Title | *Ronald J. O'Donnell, et al. v. Chase Bank USA, NA, et al.* |
|---|---|

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Defendants' Motion to Dismiss the First Amended Complaint; (2) DISMISSING the First Amended Complaint WITHOUT PREJUDICE; and (2) VACATING the July 20, 2015 Hearing (IN CHAMBERS)**

Before the Court is Defendants' Motion to Dismiss the First Amended Complaint. (Doc. No. 54.) The Court considers this matter is appropriate for resolution without a hearing, see Local Rule 7-15; Fed. R. Civ. P. 78, and VACATES the July 20, 2015 hearing. After considering all papers timely filed in support of and in opposition to Defendants' motion, the Court GRANTS the motion and DISMISSES WITHOUT PREJUDICE the First Amended Complaint.

## I.   BACKGROUND

### A. Procedural Background

On September 10, 2014, Plaintiffs Ronald J. O'Donnell ("Mr. O'Donnell") and Jerrod S. Fish ("Fish") (collectively, "Plaintiffs") filed a Complaint in California Small Claims Court against Defendant Chase Bank USA NA ("Chase Bank"). ("Compl.," Doc. No. 1, Ex. A, Doc. No. 1-1.) Because the one-paragraph Complaint stated a federal question, Defendant removed to this Court on October 8, 2014.[1] (Not. of Removal, Doc. No. 1.)

---

[1] The Court notes that Chase Bank's questionable decision to remove the small claims case to federal court has led to months-long litigation over a matter that could have been quickly disposed of in small claims court. The Court advises Defendants to carefully consider their options before reflexively removing such actions to federal court in the future.

      The Court granted Plaintiffs' unopposed motion for leave to amend and docketed Plaintiffs' First Amended Complaint on April 28, 2015. ("FAC," Doc. No. 36.) The First Amended Complaint raises claims against the following Defendants: Chase Bank USA NA, JPMorgan Chase & Co. ("JPMorgan"), Chase BankCard Services, Inc. ("Chase BankCard"), CMC Holding Delaware, Inc. ("CMC Holding"), and J.P. Equity Holding, Inc. ("J.P. Equity") (collectively, "Defendants"). As discussed below, the FAC sets forth eight causes of action. The FAC also adds Vanessa K. O'Donnell ("Ms. O'Donnell") as a third plaintiff in this case. (FAC ¶¶ 5-6.)

      Defendants[2] filed a Motion to Dismiss the First Amended Complaint on May 13, 2015.[3] ("Motion," Doc. No. 54.) Plaintiffs O'Donnell and Fish opposed the motion on June 1, 2015.[4] ("Opp'n," Doc. No. 59.) Defendants filed their reply brief on June 5, 2015. ("Reply," Doc. No. 62.)

      On June 10, 2015, Jerrod Fish voluntarily dismissed his claims against Defendants with prejudice. (Doc. No. 64.) Accordingly, only Ronald O'Donnell and Vanessa O'Donnell remain as Plaintiffs in this case.

**B. Factual Background**

      The FAC asserts the following eight causes of action, each of which is apparently alleged against all Defendants:

    (1) Fraud in the Concealment under the California Unfair Competition Law (the "UCL"), California Business and Professions Code § 17200, et seq.;
    (2) Fraud in the Inducement;
    (3) Intentional Infliction of Emotional Distress;
    (4) Declaratory Relief;

---

[2] Contrary to Plaintiffs' arguments in their Opposition, (Opp'n at 4-5, 28-31), the Motion appears to be properly brought by attorneys from the firm Morgan, Lewis & Bockius LLP on behalf of all Defendants in this case.

[3] The Court considers Defendants' Motion to have been timely filed, contrary to Plaintiffs' arguments. (Opp'n at 31-32.) Although Rule 15(a)(3) requires a defendant to respond to an amended complaint within fourteen days after service of the amended pleading, Rule 6(d) appears to have allowed Defendants' three additional days to file their motion in this instance because of the method of service. See Fed. R. Civ. P. 6(d), 15(a)(3). Defendants filed their Motion within seventeen days.

[4] Plaintiffs filed an Opposition of forty-six pages. That brief was thus almost double the length allowed by the Central District of California Local Rules and the Court's Standing Order. Motion papers and opposition papers may not exceed twenty-five pages. ("Standing Order" at 4, Doc. No. 8); L.R. 11-6. Reply briefs may not exceed twelve pages. (Standing Order at 4.) The Court will consider Plaintiffs' over-length opposition on this occasion but will not accept future filings exceeding the Court's page limits.

      (5) Violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.;
      (6) Violations of the Fair Debt Collection Practices Act[5] ("FDCPA"), 15 U.S.C. § 1692, et seq.;
      (7) Violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act of 1964, 18 U.S.C. § 1961, et seq.; and
      (8) Rescission.

    The almost 200-page FAC makes a variety of statements, most of which are entirely unrelated to the Plaintiffs in this case. Ronald O'Donnell appears in this case as a "relator" to bring claims on behalf of consumers Vanessa O'Donnell and Jerrod Fish. (FAC at 5-6.)

    The Court discerns the following factual allegations related to Defendants. The FAC alleges that Defendants have filed debt collection suits against both Ms. O'Donnell and Fish. (FAC at 11.) The suit against Ms. O'Donnell was filed in 2010. (FAC at 12.) Plaintiffs assert that Defendants "robo-sign" a variety of documents. (FAC at 12-13.) Plaintiffs also generally allege that Defendants send letters to consumers regarding their defaulted credit card accounts that demand payment and threaten activities to collect that debt, without first having an attorney review the account and letter. (FAC at 16-17.) Plaintiffs further contend that Defendants do not properly serve summonses and complaints when commencing debt collection cases and then seek default judgments and attempt to enforce the judgments. (FAC at 17-19.) Plaintiffs assert that Defendants commit procedural errors when selling debts to third party debt collectors as well. (FAC at 20.) After settling debts with consumers, Defendants allegedly file false 1099C tax forms for "Debt Forgiveness/Cancellation," which shifts tax liability to the consumer/debtor. (FAC at 27-28.)

    Plaintiffs also allege that Defendants falsely advertise credit cards with 0% introductory rates for fifteen months. (FAC at 38-40.) For example, Fish entered into a contract for a credit card with one such 0% rate, but, after having the card for over seven years, Defendants deceptively increased the interest rate to 29.99%. (FAC at 40-48.) Fish allegedly submitted numerous requests to Defendants pursuant to the Fair Debt Collection Practices Act and never received adequate responses, and Defendants thus violated that statute several times. (FAC at 73-74, 116.)

    Plaintiffs assert that Defendants' acts, described above, constitute a continuous violations of several federal statutes and thus show a pattern of conduct that violates the RICO Act. (FAC at 159-69.)

## II. LEGAL STANDARD

    Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957)

---

[5] Plaintiffs incorrectly refer to the statute as the Fair Debt Collections and Procedures Act.

(holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Surviving a motion to dismiss requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III. DISCUSSION

Defendants raise a variety of arguments for the dismissal of the FAC. They contend that (i) Plaintiffs lack standing to bring this suit; (ii) the FAC fails to satisfy Rule 8's requirement of a short, plain statement; (iii) Plaintiffs failed to plead fraud with the required specificity; and (iv) the FAC does not allege facts sufficient to state a claim for relief. However, the Court need not reach most of these questions, as it determines that Vanessa O'Donnell has failed to oppose Defendants' Motion and Ronald O'Donnell lacks standing to bring this suit.

### A. Non-Opposition by Vanessa O'Donnell

Defendants filed their Motion to Dismiss on May 13, 2015, setting it for hearing on June 22, 2015. (Doc. No. 54.) On June 16, 2015, the Court continued the hearing on Defendants' Motion to July 20, 2015. (Doc. No. 66.) Local Rule 7-9 requires a party to file an opposition no later than twenty-one days before the date designated for the hearing of the motion. The failure to timely file an opposition may be deemed consent to the granting of the motion. L.R. 7-12.

Vanessa O'Donnell was required to file an opposition to the Motion to Dismiss by June 29, 2015 at the very latest. The only opposition on file is one filed on June 1, 2015 by Ronald O'Donnell and Jerrod Fish—not by Vanessa O'Donnell. (Doc. No. 59.) Although Ronald O'Donnell purports to represent Vanessa O'Donnell "acting under power of attorney," he is not a member of the Bar of this Court and therefore may not represent her. A "power of attorney" does not permit a person to represent another person in federal court, either in-person at court hearings or on paper through written legal briefs. A party without an attorney, such as Ms. O'Donnell, must appear pro se and represent herself. "That representation may not be delegated to any other person—even a spouse, relative, or co-party in the case." L.R. 83-2.2. "It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).

Accordingly, Vanessa O'Donnell has failed to oppose Defendants' Motion. The Court therefore GRANTS the Motion to Dismiss (Doc. No. 54) as to Vanessa O'Donnell and DISMISSES her claims against Defendants.

### B. Standing of Ronald O'Donnell to Bring this Suit

No facts alleged in the FAC pertain to Plaintiff Ronald O'Donnell.[6] Instead, the FAC describes him as "acting under Power of Attorney on behalf of Vanessa K. O'Donnell, and Jerrod Fish, and as a Private Attorney General under Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. [sic],[7] and hereafter is referred to as the 'Relator.'" (FAC at 5.) Thus Ronald O'Donnell appears before this Court not to seek relief for himself but merely to act as the "relator" of Ms. O'Donnell and Fish's legal claims (which Mr. O'Donnell may not do, as discussed above). Accordingly, Ronald O'Donnell lacks standing to bring this suit because he does not raise any legal claims on his own behalf or allege that he has suffered any injury in fact that was caused by Defendants' conduct. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Accordingly, the Court GRANTS Defendants' Motion (Doc. No. 54) and DISMISSES Ronald O'Donnell's claims against Defendants.

Although generally "a court should freely give leave [to amend] when justice so requires," see Fed. R. Civ. P. 15(a)(2), the Court determines that granting Ronald O'Donnell leave to amend would be futile, see Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (explaining that courts need not grant leave to amend where "any amendment would be an exercise in futility"). The FAC fails to raise any facts pertaining to Mr. O'Donnell's

---

[6] Defendants' Motion asserts in multiple places that there are no allegations in the FAC of any wrongful conduct by Chase towards Mr. O'Donnell and that he appears to merely bring claims on behalf of Vanessa O'Donnell and Fish. (Mot. at 1-2, 5, 9.) Nevertheless, Plaintiffs' Opposition nowhere argues that Mr. O'Donnell does, in fact, state claims or supporting facts against Defendants in his individual capacity.

[7] No statute gives Ronald O'Donnell the power to represent Vanessa O'Donnell or Fish as an attorney in court proceedings without first becoming a member of the Bar of this Court.

claims against Defendants,[8] let alone any facts that lead the Court to believe that Mr. O'Donnell might be able to successfully state a claim if again given leave to amend. The Court concludes that it is entirely unclear what purpose additional amendment would serve considering the fact that Mr. O'Donnell was unable to state a single fact pertaining to his personal claims against Defendants in the almost 200 pages of the FAC. Therefore, the Court declines to allow O'Donnell another opportunity to amend the FAC and dismisses the FAC without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss the First Amended Complaint and VACATES the July 20, 2015 hearing. The Court DISMISSES the First Amended Complaint WITHOUT PREJUDICE. The Court will enter judgment in accordance with this order.

**IT IS SO ORDERED.**

---

[8] The FAC instead discusses facts pertaining to Fish with a few mentions of facts relating to Vanessa O'Donnell.